**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

WARREN W. WOOD, JR.,
        *Defendant-Appellant.*

No. 00-4386

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

BERNARD PARKER, a/k/a Bird,
        *Defendant-Appellant.*

No. 00-4467

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Matthew J. Perry, Jr., Senior District Judge.
(CR-99-480)

Submitted: March 9, 2001

Decided: April 25, 2001

Before LUTTIG, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Debra Y. Chapman, Columbia, South Carolina; Deborah R.J. Shupe,
LOUTHIAN & LOUTHIAN, Columbia, South Carolina; Robert L.

Hallman, Columbia, South Carolina, for Appellants. J. Rene Josey, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Ann Agnew Cupp, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Warren W. Wood, Jr., and Bernard Parker appeal their sentences after being convicted pursuant to their guilty pleas to conspiracy to distribute and to possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846 (1994) (Wood and Parker); using and carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West 2000) (Wood); and using, carrying, and brandishing a firearm in furtherance of a crime of violence pursuant to 18 U.S.C.A. § 924(c) (West 2000) (Parker). Finding no reversible error, we affirm.

On appeal, Wood and Parker suggest that their guilty pleas and resulting convictions and sentences should be re-evaluated in light of the Supreme Court's recent decision in *Apprendi* v. *New Jersey*, 530 U.S. 466 (2000). Even assuming that 21 U.S.C.A. § 841(b)(1)(C) (West 1999) provides for a statutory maximum sentence of twenty years where no drug quantity has been established beyond a reasonable doubt, a matter expressly not decided here, neither Wood's sentence of 120 months' imprisonment nor Parker's sentence of 70 months' imprisonment exceeds that maximum. Therefore, we find their sentences permissible under *Apprendi*. *See United States* v. *Kinter*, 235 F.3d 192, 199-200 (4th Cir. 2000).

Wood also argues that the imposition of a mandatory minimum sentence based on drug amounts not charged in the indictment or stip-

ulated in the plea agreement violates *Apprendi*. This court has observed that, pursuant to *McMillan* v. *Pennsylvania*, 477 U.S. 79, 86-91 (1986), "the legislature may 'raise the minimum penalty associated with a crime based on non-jury factual findings, as long as the penalty is within the range specified for the crime for which the defendant was convicted.'" *United States* v. *Pratt*, ___ F.3d ___, 2001 WL 101457, at *6 (4th Cir. Feb. 7, 2001) (citing *United States* v. *Aguayo-Delgado*, 220 F.3d 926, 934 (8th Cir. 2000)).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*